IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

BRANDON SCOTT WEGER,            )
                                )
    Plaintiff,                  )
                                )
    v.                          )   Case No. CIV-19-316-SPS
                                )
ANDREW M. SAUL,                 )
Commissioner of the Social      )
Security Administration,        )
                                )
    Defendant.                  )

## OPINION AND ORDER

The claimant Brandon Scott Weger requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the Commissioner's decision is hereby REVERSED and the case is REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the

national economy[.]" *Id*. § 423 (d)(2)(A).  Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied.  *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997).  Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996).  The Court may not reweigh the evidence or substitute its discretion for the Commissioner's.  *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991).  But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight."

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that he lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account his age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

*Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

### Claimant's Background

The claimant was forty-four years old at the time of the most recent administrative hearing (Tr. 45, 324). He has a high school education, some college, and past work as a cable installer, poultry plant line worker, and metal press machine operator (Tr. 68, 387). The claimant alleges that he has been unable to work since June 10, 2013, due to back pain and arthritis, leg pain and weakness, heart problems, and high blood pressure (Tr. 324, 386).

### Procedural History

In September 2014, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85 (Tr. 324-34). His application was denied. ALJ Daniel Curran conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated April 22, 2016 (Tr. 151-60). The Appeals Council remanded the case on September 17, 2018 (Tr. 167-69). On remand, ALJ Curran conducted a second administrative hearing and a supplemental hearing and determined that the claimant was not disabled in a written decision dated December 3, 2018 (Tr. 14-27). The Appeals Council denied review, so the ALJ's December 2018 written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a), 416.967(a) with the ability to use a hand-held assistive device when ambulating (Tr. 22). The ALJ also found the claimant could understand, remember, and carry out simple instructions; make judgments that are commensurate with the functions of unskilled work, *i. e.,* simple work-related decisions; respond appropriately to supervision, co-workers, and usual work situations; and deal with changes in a routine work setting (Tr. 22). The ALJ limited the claimant to structured work with no swing shifts and the same work requirements "give or take" (with moderate mental ability to adapt to changes) that does not require adapting to new processes more than rarely (only one step can be different per day) (Tr. 22). As to interactions on the job, the ALJ found the claimant must have work that does not require joint decision-making or teamwork and contact with members of the public must be no more than occasional and must not require the claimant to give more than simple instructions or follow more than simple instructions from such members (Tr. 22). Regarding environmental limitations, the ALJ found the claimant must work indoors with a climate-controlled environment; must avoid exposure to unguarded hazards such as uneven walking surfaces, open nip points, unprotected heights, moving machinery, open pits, open flames, and open pools of water; have no more than occasional exposure to temperature extremes, loud noises, smoke, flashing lights or other intrusive environmental distractions; and there could be no ropes, ladders, or scaffolding (Tr. 22). The ALJ then concluded that although the claimant could

not return to his past relevant work, he was nevertheless not disabled because there was work he could perform in the national economy, *i. e.,* table worker, patcher, and semiconductor bonder (Tr. 26-27).

## Review

The claimant contends that the ALJ erred by failing to: (i) support his RFC assessment with substantial evidence, (ii) account for his severe obesity, (iii) properly evaluate the opinions of treating physicians Dr. Victor DaSilva and Dr. David Garvin, (iv) properly evaluate his subjective symptoms, and (v) resolve a conflict between the vocational expert's ("VE") testimony and the Dictionary of Occupational Titles ("DOT"). The Court agrees that the ALJ erred at step five, and the decision of the Commissioner must therefore be reversed and the case remanded to the ALJ for further proceedings.

At the most recent administrative hearing, the ALJ elicited testimony from a VE to determine if there were jobs the claimant could perform with his limitations. He posited an individual with the same age, education, and work experience as the claimant who was:

> . . . limited to sedentary work. . . and when ambulating must use a handheld assistive device. This hypothetical claimant. . . has abilities for understanding, remembering and carrying out only simple instructions, making judgments that are commensurate with the functions of unskilled work, that is simple work related decisions and responding appropriately to supervision, coworkers and usual work situations and dealing with changes in a routine work setting. . . [T]his hypothetical claimant would have to have structured work and no swing shifts and the job must require the same requirements, give or take, meaning not requiring or adapting to new processes except maybe one-step can differ pay day in the job. . . The claimant would have to have jobs that [do] not require joint decision making or teamwork and contact with members of the public must be no more than occasional and such contact must not require the claimant to give more than simple instructions or to follow more than simple instructions from such. . . In addition jobs, if any exist, must be for work done indoors in a climate controlled environment in order to

> account for the restrictions of avoiding exposure to unguarded hazards and intrusive environmental distractions. Unguarded hazards are things like uneven walking surfaces, open [nip] points, unprotected heights, moving machinery, open pits, open flame. . . I figured we could limit. . . occasional exposure to environmental distractions and things like extremes of temperature, loud noises, smoke, flashing lights, and finally no ropes, ladders, or scaffolding.

(Tr. 49-50). The VE testified that such individual would not be able to perform the claimant's past relevant work, but identified three jobs such person could perform: (i) table worker, DICOT 739.687-182; (ii) patcher, DICOT 723.687-010; and (iii) semiconductor bonder, DICOT 726.685-066. The ALJ did not ask the VE whether her testimony was consistent with the DOT.

In his written decision, the ALJ determined the claimant's RFC included the limitations from the hypothetical posed to the VE and he adopted the VE's testimony that the claimant could perform the jobs of table worker, patcher, and semiconductor bonder (Tr. 22, 26-27). Although there was no testimony at the administrative hearing on this point, the ALJ determined that the VE's testimony "was consistent with the information contained in the [DOT]." (Tr. 27).

An ALJ has the "affirmative responsibility to ask [the VE] about any possible conflicts between [her testimony] and information provided in the DOT." Soc. Sec. Rul. 00-4p, 2000 WL 1898704, at *2 (December 4, 2000). Before relying on a VE's testimony to support a finding that the claimant is not disabled, therefore, the ALJ must "elicit a reasonable explanation for any conflict between the [DOT] and expert testimony." *Haddock v. Apfel,* 196 F.3d 1084, 1091 (10th Cir. 1999); *see* Soc. Sec. Rul. 00-4p. 2000 WL 1898704, at *2. If the ALJ relies on VE testimony that is inconsistent with the DOT,

the ALJ must "explain in the determination or decision how he or she resolved the conflict. . . irrespective of how the conflict was identified." Soc. Sec. Rul. 00-4p, 2000 WL 1898704, at *4.

The three jobs the VE identified in response to the ALJ's hypothetical set forth above are sedentary, unskilled jobs that require frequent handling and fingering, and frequent or occasional reaching. *See* DICOT 739.687-182 (table worker), DICOT 723.687-010 (patcher), DICOT 726.685-066 (semiconductor bonder). The regulatory definition of sedentary work indicates that "[a]lthough a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. §§ 404.1567(a), 416.967(a). Additionally, "[m]ost unskilled sedentary jobs require good use of both hands and the fingers; *i. e.,* bilateral manual dexterity." Soc. Sec. Rul. 96-9p, 1996 WL 374185, at *8 (July 2, 1996). Since the claimant will have one hand on his cane when ambulating, he will only have one hand available for work activities while ambulating. The DOT is silent as to whether the handling, fingering, and reaching activities required for the three identified jobs can be accomplished one-handed or whether they are performed while ambulating. The DOT is also silent as to many of the work environment and schedule limitations in the above-listed RFC. Without specific testimony from the VE as to whether the claimant's RFC would allow him to perform the manipulative, reaching, scheduling, and work environment demands of the jobs she identified, the Court does not have sufficient evidence to determine whether a conflict exists between her testimony and the DOT. "The VE's failure to specifically discuss the effects of [the claimant's use of a hand-held assistive device and work environment and

schedule limitations] on the job[s] of [table worker, patcher, and semiconductor bonder] and to further discuss how [those limitations] might erode the number of jobs available. . . violates SSR 00-4p. . . The ALJ's hypothetical in combination with the VE's testimony produce such ambiguity at step five of the process that the Commissioner fails to sustain his burden of proof." *Ferguson v. Astrue,* 2010 WL 1757312, at *2-3 (W.D. Okla. April 26, 2010).

As noted above, in this circuit "the ALJ must investigate and elicit a reasonable explanation for any conflict between the [DOT] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability." *Haddock,* 196 F.3d at 1091. The ALJ failed to do so in this case, so the Commissioner's decision must be reversed and the case remanded for further proceedings. On remand, the ALJ should resolve any conflicts between the VE's testimony and the DOT and determine what impact, if any, such resolution has on the issue of the claimant's disability.

## Conclusion

In summary, the Court finds that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED, and the case is REMANDED for further proceedings consistent herewith.

**DATED** this 29th day of March, 2021.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**